UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TAMARA RENEE LIPTON-BEY,

Plaintiff,

v.

DANIEL MELENDEZ, et al.,

Defendants.

No. 2:26-cv-02226-DAD-CKD (PS)

ORDER

This action was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). A pro se complaint filed by plaintiff Tamara Renee Lipton-Bey (ECF No. 1) is before the court for screening. Plaintiff also filed an application to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The court grants plaintiff leave to proceed in forma pauperis ("IFP").

## I. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000).

////

## II. Plaintiff's Allegations

Plaintiff's complaint is presented on a form for violation of civil rights, but the complaint does not contain factual allegations clearly setting forth the violations for which plaintiff seeks relief. (ECF No. 1, generally.) It appears plaintiff intends to name as defendants individual police officers, an attorney, the County of Los Angeles Superior Court, and the City of Santa Monica Police Department. (Id. at 19 & 28.) Plaintiff left blank the portion of the form for specifying the basis for jurisdiction and alleging injuries suffered. (Id. at 3-4.) For relief, plaintiff seeks "a common law remedy" and to order all defendants/public actors to obey all United States laws, "to cease and desist all colorable actions" and requests the court "to issue the attached arrest warrant." (Id. at 4.)

## III. The Complaint Must be Dismissed

At the outset, it appears venue may not lie in this district. The general federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). In this case, the only connection with this judicial district apparent in the complaint is plaintiff's address, which does not establish proper venue. Based on the named defendants who appear to be located in Los Angeles County, it appears the proper venue for this case may lie in the United States District Court for the Central District of California.

In addition, plaintiff's complaint does not contain a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2). Plaintiff does not allege any specific violation of constitutional rights or federal law. The complaint does not contain factual allegations describing the specific actions or omissions that any defendant took relating to plaintiff's claims. The court is unable to discern what causes of action plaintiff intends to bring against whom or what factual allegations support those causes of action. Although the Federal Rules adopt a flexible pleading

policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Since the complaint does not make clear the factual basis for plaintiff's claims and fails to establish venue in this district, the court will allow plaintiff an opportunity to amend. In the alternative, plaintiff may file a notice of voluntary dismissal, which will terminate this action by operation of law, without prejudice to re-filing in the proper judicial district.

**IV. Order**

The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); see also Fed. R. Civ. P. 15(a) (leave to amend should be freely given when justice so requires). An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend.

3. Plaintiff is granted 30 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated: August 4, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 lipt26cv2226.scrn